IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:17-CR-3037 |
| vs. | |
| JUAN ZUNIGA GLORIA, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected (filing 42) to the revised presentence investigation report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

(b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant's does, however, object to several aspects of the presentence report.

(a) The defendant's first objection relates to the initial PSR's assessment of two criminal history points for a 2007 DUI conviction. Filing 42. The defendant argues that one criminal history point, rather than two, should be assessed because the defendant did not receive any jail time for the conviction. Filing 42. And the government agrees. Filing 42 at 8. The revised PSR

reflects the parties' position, assessing just one criminal history point for the 2007 conviction.

(b) The defendant also objects to the presentence report, arguing that the drug quantity amount as reflected in the plea agreement results in a base level of 32 under U.S.S.G. § 2D.1.1. [Filing 42](Filing 42). The presentence report recommends a base offense level of 34.

The plea agreement stipulates that the defendant be held responsible for at least 150 grams but less than 500 grams of methamphetamine actual, at least 1.5 kilograms but less than 5 kilograms of a mixture or substance containing methamphetamine, and at least 2 kilograms but less than 3.5 kilograms of cocaine. The defendant argues that he is actually responsible for quantities less than the amounts agreed to in the plea agreement so, he claims, he ought to be held accountable for the lower threshold quantity set forth in the plea agreement. This results in a 6,400 kilogram marijuana equivalency and results in a base offense level of 32.

The Court notes, however, that pursuant to U.S.S.G. § 2S1.1 cmt. n.6, when the defendant is convicted for a count of money laundering and a count for the underlying offense for which the laundered funds were derived, the counts are to be grouped together under that subsection and the higher of the two guidelines is applied. In this case, the presentence report applied the higher § 2S1.1 guideline to reach the base offense level of 34. *See* U.S.S.G. § 2S1.1. Nonetheless, the Court will resolve this matter at sentencing.

3. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

4. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

5. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 19th day of December, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge