IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3037 |
| vs. | |
| JUAN ZUNIGA GLORIA, | ORDER |
| Defendant. | |

The defendant has filed a motion (filing 57) to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court will deny that motion.

Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. § 3582(c)(1)(A). And pursuant to U.S.S.G. § 1B1.13(a)(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.

The "extraordinary and compelling" basis for a sentence reduction offered by the defendant is COVID-19. Filing 57. But he can only point to outbreaks in 2020 and 2021 and, most recently, a lockdown nearly a year before his motion was filed. *See* filing 57 at 2. That plus his passing assertion of diabetes and a history of smoking, filing 57 at 2, doesn't satisfy § 1B1.13(b)(1)(D): He doesn't allege an ongoing outbreak of infectious disease at

his facility,[1] nor is there a declared public health emergency. *See* National Emergencies Act, Pub. L. 118-3, 137 Stat 6 (2023). And his broader argument that the COVID-19 pandemic has made his incarceration harsher, filing 57 at 12, doesn't hold up either: It broadly describes the experience of <u>all</u> federal prisoners, so even if it was "compelling," it's hardly "extraordinary." *See* § 3582(c)(1)(A).

Having concluded that the defendant hasn't alleged an extraordinary and compelling reason for a sentence reduction, the Court need not consider the defendant's remaining arguments. *See* § 1B.1.13(d).

IT IS ORDERED that the defendant's motion for compassionate release (filing 57) is denied.

Dated this 8th day of July, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[1] Nor does there appear to be a current basis for such an allegation. *See* Bureau of Prisons, *Inmate COVID-19 Data*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last updated July 3, 2024).